JOHN H. KING *vs.* THE WILMINGTON AND NEW CASTLE ELECTRIC RAILWAY COMPANY.

*Demurrer—Pleading—Negligence.*

1.  The rules of pleading require the plaintiff to set forth in his declaration the facts of his claim with such certainty as to reasonably inform the defendant what is proposed to be proved, so that he may have a fair opportunity to meet such facts in preparing his defence. Time, place and circumstance, so far as relied on and within the knowledge of the party, must be specified with reasonable fullness. A general statement of facts, which admits of almost any proof to sustain it, is objectionable.

2.  Counts specifying the circumstances relied on, such as, the car ran from the rail from the negligent running of the defendant, the car was thrown from the track by reason of an improper and unsafe track, the car jumped from the track by reason of the defendant's careless running ; although meagre in the facts set forth, are sufficient in law. But a count that avers simply that the defendant so negligently and carelessly operated a car that the plaintiff was thrown from the car and was injured, is insufficient in law.

(*December 19. 1898.*)

KING vs. WIL. N. C. E. RY. CO.    453

STATEMENT OF FACTS.

Lore, C. J., and Spruance and Grubb, J. J., sitting.

*William S. Hilles* for plaintiff.

*Peter L. Cooper, Jr.*, for defendant.

Superior Court, New Castle County, November Term, 1898.

Demurrer. Action on the case (No. 80, Sept. T. 1898). The facts appear in the opinion of the Court.

Lore, C. J :—The plaintiff's declaration contains four counts for injuries, alleged to have been received by him, by having been thrown from one of the defendant's electric railroad cars, through the carelessness and negligence of the defendant.

The defendant demurs specially to each of the four counts of the plaintiff's declaration and relies upon the following causes of demurrer :

"1.   For that it nowhere appears in the said declaration in what act or omission the defendant's negligence consisted.

"2.   For that it nowhere appears in the said declaration that the railroad cars or appliances of the said defendant were improperly constructed, or that the same were out of repair, or that the same were in any manner defective or dangerous.

"3.   For that it nowhere appears in the said declaration, that the said defendant had failed to provide competent and careful servants and agents, or in what respect its servants or agents had failed to exercise proper care and caution in the operation of the cars of the defendant.

"4.   For that it nowhere appears in the said declaration, that the cars of the defendant were running at an improper or unlawful rate of speed.

"5.   For that it nowhere appears in said declaration, upon what part of the road of the defendant the said plaintiff was injured, and the said defendant is uninformed of the time and place of said occurrence.

"6.   For that the said defendant is not informed by said declaration upon what specific negligent act or omission the plaintiff relies for his right of recovery in this cause."

The substance of the demurrer therefore is, that the plaintiff has not set forth in his declaration the facts of his claim with sufficient certainty to apprise the defendant of what is intended to be proved.

The rule of pleading in cases of this character is quite clear. The plaintiff must set forth in his· declaration the facts of his claim, with such certainty as reasonably to inform the defendant what is proposed to be proved in the case ; so that the defendant may have a fair opportunity to meet such facts in preparing his defence.

It is the purpose of pleading to reasonably and fairly disclose the facts of the case and not to conceal them. Pleadings should not be used as the means of concealing the facts by vague and general terms. Time, place and circumstances, so far as relied on and within the knowledge of the party, must be specified ; and that, too, with reasonable fullness and fairness. Any other rule would make pleading the medium of concealing the facts of the case, except so far as might be necessary to bring it within the least possible legal certainty.

Chitty epitomizes the rule in this definition : "A declaration is the specification in methodical and legal form of the circumstances which constitute plaintiff's cause of action." *2 Chitty's Pleading, 240.*

It is not sufficient to state a mere conclusion of law.

It is not sufficient to state the result or conclusion of fact, arising from circumstances of the case not set forth in the declaration.

While some Western States have adopted a different rule, yet by the best considered cases, it is not sufficient merely to allege generally the negligence and carelessness of the defendant, without giving any particulars of such negligence, even in the case of passengers.

In the statement of facts in pleadings, Chitty announces a rule which practically solves this case. "A general statement of facts, which admits of almost any proof to sustain it is objectionable." *2 Chitty's Pleading, 231.*

Applying these rules to the declaration in this case, we find that the second, third and fourth counts are sufficient.

The second count charges the defendant with "so negligently and carelessly omitting and neglecting to use proper care and caution in running one of its cars wherein the said plaintiff was then and there a passenger for hire, that said car ran from the rail with great force and violence," whereby the plaintiff was thrown out and injured.

The third charges the defendant with "negligently and carelessly running two cars, upon one of which the said plaintiff was then riding as a passenger for hire, upon a certain track, which was then and there through the negligence and carelessness of the said defendant improper and unsafe," whereby the car was thrown from the track and the plaintiff thereby thrown to the ground and injured.

The fourth count charges the defendant with "so negligently and carelessly running a certain car in which the plaintiff was then and there a passenger for hire and was then riding, that the said car jumped from the track," thereby causing the injury.

While the facts set forth in these three counts are meagre, yet they are sufficient in law, inasmuch as they specify circumstances relied on ; such as the car ran from the rail from the negligent running of the defendant ; the car was thrown from the track by reason of an improper and unsafe track ; that the car jumped from the track, by reason of the defendant's careless running.    These specifications direct the defendant to the peculiar circumstances which are alleged to have caused the injury.

Applying the same test, the first count in the declaration is manifestly insufficient.    It charges the defendant with "so negligently and carelessly operating a certain electric car which it was then and there running for the carriage of persons for hire, that thereby the said plaintiff, who was then and there a passenger on said car, was, through the negligence and carelessness of the said defendant as aforesaid," thrown from the car and injured.

This averment is simply the bald statement, that the de-

fendant so negligently and carelessly operated a car that the plaintiff was thrown from the car and injured. *Negligently operating* a car, is a very general statement, involving a multitude of possible circumstances of negligence, with not one single fact or circumstance stated ; which comes within Chitty's rule of admitting almost any proof to sustain it. It is more in the nature of a statement of a conclusion of fact, and contains none of the elements of good pleading. It gives the defendant no specific fact to meet or defend, but turns him loose among a multitude of possible causes of negligence coming within the term negligently operating a car.

The plaintiff justifies in part that the allegation of negligence is that contained in the form given in *2 Chitty, 650*. Examination shows that this count is in marked contrast with the specific statement of fact contained in that form.

We do not mean to say that the plaintiff is always bound to set forth facts or circumstances, the knowledge of which is more properly or peculiarly in the opposite party, or to detail the circumstances minutely ; but that such circumstances, as he does know and must have contemplated and relied on when he framed his declaration, and are reasonably necessary for the defendant's information, should be specified with reasonable certainty. To this he is unquestionably held by all the rules of good pleading.

The demurrer therefore to the first count is sustained. The demurrers to the second, third and fourth counts are overruled.